## DR. ALBERT H. MCRUFFIN V. THE STATE.

No. 20229.   Delivered February 22, 1939.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of having violated the liquor law and his punishment was assessed at a fine of $100.00.

It was charged in the information that on the 7th day of June, 1938, appellant, in Fannin County, Texas, did unlawfully prescribe more than one pint of whisky to Troy Thompson in one day. That said county, at and before the 7th day of June, 1938, was dry area by reason of an election theretofore held in accordance with law to determine whether or not the sale of intoxicating liquor should be prohibited within said county. It was further charged that appellant was licensed to practice medicine in this state for treatment of human ailments.

Appellant's first complaint is that the court erred in declining to sustain his motion to quash the complaint and information. He contends that there is nothing in the caption or title clause of the liquor control law covering the giving of a prescription by a physician for more than one pint of liquor to any one person in any one day. The caption to the Amendment of Chapter 467, Acts of the Second Called Session of the 44th. Legis., (enacted by the First Called Session of the 45th. Legis., Chap. 13, p. 1760), among other things, reads as follows: "* * * Further regulating the traffic in alcoholic beverages in this State and prescribing penalties for violations thereof; * * *"

We think the language in the caption is sufficiently broad to include the offense charged in the information.

His next contention is that the evidence is insufficient to sustain his conviction. After a careful review of the testimony, we are inclined to agree with him. There is nowhere any testimony in the record which shows that appellant was a physician licensed to practice medicine in this State. Such proof was indispensible to sustain a conviction of the offense charged. Since it was necessary to charge in the information that appellant was a physician, licensed to practice medicine in this state, it was equally necessary to offer proof in support thereof.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.