## JAS. M. WATTAM V. THE STATE.

No. 21074. Delivered April 10, 1940.

The opinion states the case.

*Evans J. Adkins,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is prescribing intoxicating liquor for purposes other than medicinal in a dry area by a physician licensed to practice medicine. The punishment assessed is a fine of $100.00

Appellant challenges the sufficiency of the evidence to warrant and sustain his conviction. The indictment appears to be in due form. It charges that on the 30th day of September, 1939, Jas. M. Wattam, a physician, licensed to practice medicine in this State, * * * did in the County of McCulloch and State of Texas prescribe whisky to J. C. McWilliams, for other than medicinal purposes after an election had been held by the qualified voters of said county to determine whether or not the sale of intoxicating liquor should be prohibited in such county, and such election resulted in favor of prohibiting the sale of intoxicating liquor, etc. To meet the allegations in the indictment, the State was required to prove that appellant was a physician, duly licensed to practice medicine in this State. Appellant's contention is that the State failed to introduce any evidence whatever showing that he was a physician licensed to practice medicine in this State. We are inclined to agree with him. The only evidence which would tend to show that appellant claimed to be engaged in the practice of medicine came from his lips. He testified: "I only write liquor prescriptions for medicinal purposes. I do not make a physical examination when I prescribe liquor for patients. I do not think it necessary. I prescribe liquor for various ailments."

That is all the testimony on the subject which appears in the record. Appellant may have prescribed whisky and not have had a license to practice medicine and might be guilty under subsection 18 of section 15 of Article 1 of the Texas Liquor Control Act, but in the instant case he was charged with being a physician, licensed to practice medicine in this State, and as such physician did prescribe whisky other than for medicinal purposes. It will be noted that a physician, licensed to practice medicine in this State, may legally prescribe liquor for medicinal purposes, provided he does not prescribe more than one pint to any person in any one day, but if he prescribes it

for any other purpose he violates the law whether it be one-half pint or more. Consequently it devolved upon the State, under the charge in the indictment, to prove that appellant was a physician, licensed to practice medicine in this State, and that he prescribed liquor for a purpose other than medicinal. Having failed so to do, the State's proof fails to sustain the averment in the indictment; consequently, we are constrained to reverse this case. In support of what we have here said we refer to the case of McRuffin v. State, 125 S. W. (2d) 303.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.